[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON PLAINTIFF'S APPEAL
Plaintiff herein appeals from a decision of the Freedom of Information Commission ("FOIC"), which December 19, 1995 decision dismissed plaintiff's complaint.
The matter had been brought to FOIC on a complaint of alleged violations of Connecticut General Statutes sections 1-21 and 1-21h by the Redding Conservation Commission with regard to a site walk the Commission had scheduled on the property of one Costa Stergue.
Plaintiff and his attorney sought to attend this site walk at the appointed time but a ruckus ensued at the outset, apparently involving physical efforts by the landowner and his tenant to forcefully evict plaintiff and his attorney from the premises.
A) Regarding the Connecticut General Statutes § 1-21
Complaint:[1]
Plaintiff's brief to this court is devoid of citations to the record. As a result, the entire record and the transcripts of the two hearing days were reviewed.
The § 1-21 argument takes up less than one full page of plaintiff's brief (see pages seven and eight). It is alleged that the Redding Conservation Commission violated § 1-21 "by requiring [plaintiff] and his attorney to submit to Stergue's assault as a condition to attending, as well as to undergo police investigation, interrogation and possible arrest."
The brief of plaintiff continues:
 Moreover, the Commission impermissibly conditioned [plaintiff's] attendance at a site inspection of the Stergue property upon [plaintiff's] own consent to having the site walk commence from his property.
There are short answers to the complaints founded upon § 1-21.
No impermissible "condition precedent" was attached to attendance at a future rescheduled site inspection meeting in a context where the record shows no such future meeting was ever set down, much less so conditioned, in the wake of the aborted CT Page 5995 December 17, 1994 site walk meeting. Thus, the court feels constrained to uphold the FOIC response that "the [FOIC] lacks jurisdiction to make a determination about the propriety or legality of the respondents' request that a future site walk . . . occur by way of [plaintiff's] adjoining property." Finding 16.) (See, R.R. Exhibit N, Minutes of January 3, 1995 Meeting of Redding Conservation Commission.)
The other § 1-21 alleged violation, suggesting that the Redding Commission conditioned attendance upon "submitting to Stergue's assault" can only be described as a colorful linguistic characterization which seeks to transfer the misconduct of Stergue to the local body. Clearly, the local Commission set up no such entrance-by-ordeal requirement. Thus, while plaintiff would, to be sure, appear blameless, so too would the Commission. The FOIC was thus justified in its negative response to this alleged violation. No other response is actually possible on this record.
B) Connecticut General Statutes § 1-21h Alleged Violation:
The other complaint plaintiff set before the FOIC was premised upon Connecticut General Statutes § 1-21h.[2] As stated in the January 16, 1995 complaint to FOIC, the local Commission and its chairman "failed to conduct an orderly meeting, and failed to take appropriate steps to restore order." These allegations appear in the alleged violations section of the complaint to FOIC.) In paragraph twenty-five, it is alleged that "Woodburn and his counsel had no choice but to leave the meeting because they were being physically prevented from attending the meeting by Stergue and Harker." Paragraphs twenty-seven and twenty-eight allege that the Conservation Commission "continued its meeting" for "some minutes" prior to adjourning it.
The FOIC found that the respondent local Commission "canceled the site meeting at approximately 10:35 a.m. because of the ruckus." (Finding 11, R.R. Exhibit X.) FOIC also found that "respondents prudently terminated the site meeting since removal of the Harkers and/or Stergue, the tenants and landowner of theStergue property, would have undoubtedly escalated tensions and proven difficult." (Emphasis added.)
The court finds these findings to have adequate support in the evidence. Indeed, it was apparently the FOIC's acceptance of plaintiff's testimony and evidence that drew it to the conclusion that prudence left no other respondent action readily available. CT Page 5996 It is difficult for a three-member Conservation Commission to be so combat ready as to quickly quell physical assaults (as plaintiff believably said occurred) and it is as difficult to fault the FOIC for not holding that respondents, under the circumstances, "failed to conduct an orderly meeting and failed to take appropriate steps to restore order." (Plaintiff's Complaint to FOIC.)
The simple truth seems to be that the effort to conduct an orderly meeting on the property of an individual whose conduct regarding wetlands on said property had been under question, was sabotaged by violence upon the innocent plaintiff and his equally innocent attorney. The obvious need for the police, who were called, further manifests that respondents were correctly "forgiven" by FOIC as to an alleged failure to conduct an orderly meeting or restore it to order. This would be especially so in a context where, as the statute says, the "removal of the individuals who are wilfully interrupting the meeting" (which the statute permits but does not clearly mandate) would necessitate removal from the site meeting of the owner and a leaseholder.
It might finally be noted that plaintiff has alleged in his brief that the meeting continued after the "physical eviction" by the landowner. Plaintiff did so testify but was obviously handicapped by being unable to hear what respondent members were saying. It is hard, therefore, to conclude that the "meeting" in any waysubstantively bore on in the few minutes after the near violence had transpired. It must be noted that at 10:35 a.m., it is uncontradicted, the meeting was canceled "because of an altercation." (R.R., Exhibit L, Minutes of December 17, 1994 site inspection.) (See also, R.R., Exhibit M, Obeda Report.)
Any suggestion that the meeting continued after the respondents constructively evicted plaintiff is betrayed by the absence of corroborative evidence and the presence of contradictory evidence which suggests that any discussion plaintiff could not approach to hear was merely the meeting's cancellation.
Thus, the FOIC's dismissal of the complaint brought to it must be upheld.
Nadeau, J.